JAMES G. BREWER ET AL., PLAINTIFFS IN ERROR, v. JOHN H. WRIGHT, DEFENDANT IN ERROR.

1. **Partnership:** WAGES OF EMPLOYE: ACTION ON ACCOUNT. W., in 1883, entered the service of B. & B., operators of a mill, as a miller and mill hand, and remained in their service until 1886. During said time B. & B. moved their mill to another place, in consequence of which the same was not operated during a period of from one to two months, and during which time W. assisted the other workmen in making such removal; and also, by direction of one of the partners, worked for a time at getting out posts. During the whole term of his service, W., every Saturday night, with the knowledge of B. & B., entered his time on their account books kept in the mill, including the time when he was engaged in removing the mill and getting out posts. About the time he quit their service, W., together with one of the partners, examined the books and agreed upon a sum or balance due to W. In an action by W. against B. & B. for said balance, *Held*, That he could recover against the firm for the whole amount, although, as between the partners, but one of them (J. G. B.) should pay for the time W. was engaged in getting out posts.

2. **Instructions** complained of, examined and approved.

3. **The** evidence examined, *And held*, To sustain the verdict.

ERROR to the district court for Merrick county. Tried below before POST, J.

*Webster & White*, for plaintiffs in error, cited: *Warren v. Martin*, 38 N. W. Rep., 849. *Livingston v. Roosevelt*, 4 Johnson, 251. 1 Lindley on Partnership, 325. Sackett's Instructions to Juries, 334. Addison on Contracts, Vol. 1. *Ottawa Gas L. Co. v. Graham*, 28 Ill., 73.

*John Patterson*, for defendant in error, cited: *McKinster v. Hitchcock*, 19 Neb., 104. *Kennedy v. Goodman*, 14 Id., 588. *Keller v. Keller*, 18 Id., 368. Sackett's Instructions to Juries, 50-1-2. *Powell v. P. R. R.*, 65 Mo., 658. 1 Greenleaf Ev., Sec. 197. *Freeland v. Heron*, 7

Cranch, 147.  *Hayes v. Kelley*, 116 Mass., 300.  *Straub-her v. Mohler*, 80 Ill., 21.  *Bailey v. Bensley*, 87 Id., 556. *Heidenheimer v. Ellis*, 3 S. W. R., 666.  *Cobb v. Arundell*, 26 Wis., 553.

COBB, J.

This cause comes to this court on error from the district court of Merrick county.

The petition alleges that the plaintiff commenced to work for defendants, as a miller and mill hand, December 25, 1882, in their flouring mill, and continued in their employment until February 10, 1886, at which date there was a settlement with defendants, on which it was found and agreed between the parties there was due $688.12, which the defendants promised to pay the plaintiff, no part of which has been paid, and for which the plaintiff demanded judgment, with interest.

The defendants, by joint answer, admitted the employment of the plaintiff for the time specified, but denied each and every other allegation of the plaintiff.  For a second defense they set up that, at the time of the employment the plaintiff represented that he was competent to take charge of and manage the machinery of their flouring mill successfully, and in a manner beneficial to them, and they employed the plaintiff, relying on his representations, believing them to be true; that plaintiff was wholly incompetent to manage such machinery, and was ignorant of the proper methods of operating the same; that plaintiff so carelessly, negligently, and incompetently managed said machinery that large quantities of flour were wasted and carried into the bran, and the machinery was negligently allowed to clog, so that large quantities of first grade flour were carried over and became mixed with second and third grade flour, and became much less valuable; that by reason of such negligence and carelessness the defendants suffered damage in the sum of $1,700.

For a third defense, they allege that, in addition to his duties as a miller, the plaintiff was employed to buy grain and to exchange flour for grain in their behalf, and that contrary to his instructions the plaintiff paid more than the market price for grain, and gave greater quantities of flour in exchange for wheat than he was authorized to give per bushel, by reason of which the defendants were damaged in the sum of $200.

For a fourth defense, they allege that the plaintiff was grossly negligent and careless, and broke, destroyed, and damaged certain parts of the machinery of their mill to the injury of defendants in the sum of $100. Wherefore defendants claim that of the damages due them, as aforesaid, a sufficient amount be set off from that due the plaintiff for his services, and that they have judgment for any further amount found due them.

The plaintiff's replication denied each allegation of defense. There was a trial to a jury, with a finding and judgment for the plaintiff for $741.49.

The plaintiffs in error assign the following paragraphs as errors of the court's instructions to the jury:

"9. No particular form of words is necessary to constitute a settlement in law, nor is it necessary for the plaintiff to prove a promise to pay the balance found to be due, provided a balance be found in his favor, as hereafter explained.

"10. An account stated, or an account settled, is when the parties mutually agree to the correctness of the account between them, and the balance as ascertained to be due to either. The general rule is, that when parties have accounts against each other, and a statement of the account is made out by one party and presented to the other, and the latter expressly assents to its correctness, the law will regard it as a stated or settled account, and it will be binding upon both parties.

"11. If you find that an account was stated between the

parties to this suit, as above explained, and that a balance of $688.12, or any other specific amount, was found to be due to plaintiff, then he should recover on his cause of action, and it is no defense that said settlement may have included an amount which should have been paid by the defendant, J. G. Brewer, and not by the firm as matter of equity between said defendants.

"12.    You are also charged that if Mr. J. G. Brewer made a settlement with plaintiff in behalf of the partnership existing between defendants, that such settlement is binding against said partnership as if made by both said defendants.

"18.    Plaintiff would only be liable, if he is liable at all, for the damage which followed or resulted to defendants as the natural and proximate result or consequence of his negligence; that is, the want of ordinary skill or knowledge, as above explained.

"19.    Defendants cannot recover for damages to or destruction of machinery by plaintiff, unless the same was occasioned by the negligent or wrongful act of plaintiff, and if you find for defendants on this question, the measure of damages would be the cost of repairing said machinery and placing it in as good repair as it was immediately preceding such injury."

They further assign as error that the verdict is not sustained by sufficient evidence; and that their motion for a new trial was overruled by the court.

Their first contention in their brief is, that the verdict ought not to be sustained, for the reason that, while the plaintiff below in his petition claims only for services as a miller and mill hand, he states on his cross-examination, in reply to the question of defendants, that for a portion of the time he worked in helping to move the mill, which began in March and ended in July, and that for thirty-six days of the time he was engaged in cutting posts for the defendant, J. G. Brewer; that his time while so engaged

in moving and cutting was placed to his credit on the books of defendants, and entered into their settlement. Defendants contend that the plaintiff knew that their firm of J. G. Brewer and Wells Brewer was that of a limited partnership, confined to the business of milling, and that in making his settlement he has not the right to include his claim for those services not in the line of duty as miller and mill hand, rendered for the individual benefit of one of the parties. To this point numerous authorities are cited.

It appears from the evidence of the plaintiff on his examination-in-chief, that he had worked for the defendants for several years prior to the fall of 1882, at which time he quit their employment, went to California, returned in the spring of 1883, and re-entered their service as a miller and mill hand, and remained as such till February 10, 1886, when a settlement of accounts was had, upon which $688.12 was found due him from defendants. In answer to the question, who was present at the time of settlement, he stated, "J. G. Brewer was present, and he thought Wells Brewer, also." Subsequently, in his further examination, he said "that Wells Brewer was present at his settlement." In the testimony of Wells Brewer, while denying that there was any settlement on February 10, 1886, the witness admitted that he was present when the books were examined by the plaintiff and J. G. Brewer, and that the amount of 1,300 and some odd dollars were found due the plaintiff, and that there was conversation as to how it was to be paid, and thought there was something said as to turning in some wood to Hurley.

It appears from the evidence that there was a book kept in the mill in which the plaintiff entered his time of service every Saturday night, and but little testimony as to how much or how little attention both or either of the defendants paid to the business generally, or to the condition of accounts in the book in particular. But it does appear

that they were each in the mill occasionally, and sometimes examined the mill book.  The accounts between the parties in this book ran for a period of four years before the date of the transaction which the plaintiff testified to as a settlement of accounts between them.

I therefore conclude that whatever items of charges of time claimed by the plaintiff and entered in the book must be presumed to have been known by each defendant owner of the book, at the time of the alleged settlement, and its correctness acquiesced in.

There is conflicting evidence as to whether their examination of accounts between plaintiff and J. G. Brewer was a settlement.  The jury must have found that it was, and such finding will not now be disturbed upon the evidence offered.

The plaintiffs in error object to the 9th instruction, on the ground that it contains an assumption that there was a settlement between the parties, while, as they contend, there was only the claim, of one party to it, that there was any settlement.  This is often the case in lawsuits; one party claims a certain state and condition which the other denies.  In such cases it is the duty of the court to give in charge to the jury the law applicable to such state of facts if they believe the evidence relied upon to prove it. This seems to have been done in this instance.

The plaintiffs in error also except to the 10th instruction, because the court lays down the rule of law applicable to an account stated, as well as to an account settled.   The instruction is, I think, open to that objection, as there was no occasion for stating the law applicable to " an account stated," there being no evidence to that point.   But this is clearly error without prejudice.

What has been said in the forepart of this opinion is deemed a sufficient answer to the objections to the 11th and 12th instructions.   Nothing further need be said as to those.

The 18th and 19th paragraphs were addressed to defendants' claim for damages against the plaintiff for negligence as miller, and for willful damages to machinery, in their employ. There was some evidence, of a not very satisfactory character, tending to show some degree of negligence, or want of care, on the part of plaintiff in the management and running of the mill, by which there was claimed to be less product of first grade flour and larger of second grade for some portion of the time involved. This the plaintiff, as a witness, explained, to some extent, that it was the express desire of one of the defendants, at least, that special care be taken to maintain the product and standing of the *second grade* flour of the mill, and especially denied the charge of negligence, or carelessness, or want of skill, on his part, and of all damages to defendants on that account. The evidence, tending to prove damages, furnishes no sufficient basis for the jury to have found any definite sum in favor of the defendants. The jury failed to find any damages, but I think the issue was fairly and sufficiently presented by the court in the 18th and 19th instructions. The charge of willful damage to machinery, as sworn to by the witness Hibbard, and explained by the plaintiff in his testimony, was fairly placed before the jury in the 19th instruction, and I think the jury, from the evidence and the instruction, were justified in returning a verdict without damages in favor of defendants, as they seem to have done.

From a careful consideration of the record of the evidence, and the instructions to the jury, on the trial, I come to the conclusion that the verdict of the jury ought to be sustained, and that the judgment of the district court ought to be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.